UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASHLEY LEIGH, ERIK BERG and
JAMES GRIFFITH,

    Plaintiffs,

v.                                        Case No.:  2:22-cv-606-JLB-KCD

ARTIS-NAPLES, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Artis-Naples's Motion to Strike First Amended Complaint (Doc. 68).[1] Plaintiffs have responded (Doc. 71), making this matter ripe. For the reasons below, Defendant's motion is denied.

### I. Background

Plaintiffs are three musicians who played for the Naples Philharmonic, an orchestra operated by Artis-Naples. (Doc. 67 ¶¶ 2-3.) They allege Artis-Naples imposed a COVID-19 vaccine mandate on its employees and then refused to honor requests for religious exemptions. (*Id.* ¶¶ 2-6.) According to Plaintiffs, this violated their civil rights and led to their termination. (*Id.* ¶¶ 6-9.) They thus sued for relief under Title VII. (Doc. 1 ¶¶ 160-208.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Later, Plaintiffs sought to amend their complaint to add three new claims: religious discrimination under the Florida Civil Rights Act, violation of the Florida Whistleblower Act, and breach of contract. (Doc. 53 at 1.) The Court found Plaintiffs could not sue for breach of their employment contract because the claim was preempted by Section 301 of the Labor Management Relations Act (LMRA). (Doc. 64.) Thus, amendment on this score would be futile. However, the Court did grant leave to amend the complaint with the Florida Civil Rights Act and Florida Whistleblower Act allegations. (*Id.*)

This is all well and good, but when Plaintiffs filed their amended complaint, Artis-Naples responded with a motion to strike. (Doc. 68.) It claims Plaintiffs included breach of contract allegations "in blatant defiance of the Court's Order." (*Id.* at 1.)

## II. Discussion

Federal Rule of Civil Procedure 12(f) permits the court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. But this is a drastic remedy and "generally disfavored in the Eleventh Circuit." *Flickinger v. Love's Travel Stops & Country Stores, Inc.*, No. 8:20-CV-2212-T-33CPT, 2021 WL 118976, at *7 (M.D. Fla. Jan. 13, 2021). Thus, "[a] motion to strike will usually be denied unless the material has no possible relation to the controversy and may cause prejudice to one of the parties." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 700 (S.D. Fla. 2013).

Plaintiffs' amended complaint does not include a cause of action for breach of contract. And it does not ask for relief based in any contract. Instead, Plaintiffs refer to their employment contract in factual allegations asserted as evidence to support other counts. Yet Artis-Naples claims Plaintiffs are trying to "backdoor" such a claim and "impose liability on Artis-Naples for allegedly breaching the contract by incorporating these allegations into other claims." (Doc. 68 at 4-5.) This argument is unpersuasive.

Going back to Plaintiffs' motion to amend, the Court rejected a breach of contract claim as preempted because, under § 301 of the LMRA, "if the resolution of state-law claims depends on the meaning of a collective bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). Plaintiffs' proposed breach of contract claim could not stand because it required direct application of a collective bargaining agreement between the parties. (*See* Doc. 64 at 14.)

But the remaining claims are different. They do not require interpretation of the § 301 contract. As evidence of this, the Florida Civil Rights Act and Florida Whistleblower Act allegations can be proven without any reference to a contract. *See Jackson v. US Steel Corp.*, 763 F. App'x 805, 807 (11th Cir. 2019) ("To determine whether resolution of the state law claim

3

requires interpretation of the collective bargaining agreement, we look at the elements of each state law claim."). Thus, their evaluation is not "inextricably intertwined with the consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). Indeed, if it was, the Court would not have let Plaintiffs proceed with the claims in the first place.

Plaintiffs hit the nail on the head: "Artis-Naples has erroneously construed this Court's order granting leave to amend as a total ban on mentioning the Agreement." (Doc. 71 at 8.) Our sister court confronted the same issue when considering a plaintiff's right to sue under the Florida Whistleblower Act:

> In this case, the plaintiff's right exists independently of the collective bargaining agreement. To determine whether the plaintiff is entitled to relief under the statute, the Court must only determine whether he was terminated in retaliation for his refusal to disobey the law. [The Florida Whistleblower Act] does provide that the statute does not diminish the rights of an employer or employee under any collective bargaining agreement. Thus, the Court may need to look to the agreement to see whether the defendant is able to avoid liability under the statute in this case. However, this does not render the plaintiff's right "dependent" upon the collective bargaining agreement; the plaintiff's claim, therefore, is not pre-empted by § 301.

*Schroeder v. Crowley Mar. Corp.*, 825 F. Supp. 1007, 1009 (S.D. Fla. 1993), *aff'd,* 55 F.3d 638 (11th Cir. 1995). Similarly, this is not a case of relabeling a breach of contract claim as something else to avoid § 301. Plaintiffs' remaining

4

claims are based on entirely different rights which are separate from those granted by their employment contract. As the Court stated in *Lueck,* "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of the federal labor law." 471 U.S. at 211.

Likewise, although the Court prohibited Plaintiffs' breach of contract claim, there is nothing improper about them continuing to reference their employment contract (and the parties conduct thereunder) in the amended complaint. How Artis-Naples behaved in relation to the contract could be evidence of discrimination, which are allegations directly relevant to Plaintiffs' surviving claims. *See, e.g., Lewis v. Sch. Bd. of Palm Beach Cnty., Fla.*, 850 F. App'x 674, 680 (11th Cir. 2021). A motion to strike "is intended to clean up the pleadings" by removing redundant, immaterial, impertinent, or scandalous matter. *Williams*, 289 F.R.D. at 699-700. Plaintiffs' allegations about their employment contract don't fit any of those criteria. Accordingly, it is now **ORDERED**:

1. Defendant Artis-Naples, Inc.'s Motion to Strike First Amended Complaint (Doc. 68) is **DENIED**.

2. Defendant Artis-Naples, Inc. must respond to the Amended Complaint within 14 days of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

5

**ENTERED** in Fort Myers, Florida this June 9, 2023.

                                       Kyle C. Dudek
                                       United States Magistrate Judge

Copies:  All Parties of Record